OVERTON, Justice.
This is a direct appeal from a final judgment validating revenue bonds in Lee County. We have jurisdiction, article V, section 3(b)(2), Florida Constitution, and we affirm the final judgment validating the bonds.
Lee County seeks validation of water and sewer revenue bonds not exceeding $13.5 million to finance the construction of additions and improvements to the county’s combined and consolidated water and sewer system. Appellants are Lee County residents and taxpayers who reside within the Fort Myers Beach Sewer District (FMBSD). The FMBSD was created by resolution of the Lee County Board of County Commissioners in 1972 pursuant to chapter 153, Part I, Florida Statutes. In 1978, the Board adopted resolution 78-5-34, which combined and consolidated the FMBSD’s sewer system with four sewer systems and a water treatment plant in an effort to “best serve the water and sewer needs” of the inhabitants of the county’s unincorporated areas. It did not, however, dissolve the district. Three subsequent bond issues were validated and confirmed. In April, 1984, the Board adopted resolution 84-4-25, authorizing issuance of the revenue bonds that are the subject of this appeal. By its terms, the 1984 resolution, like the three prior resolutions authorizing bond issues, is supplemental to a 1966 resolution which authorized the issuance of revenue bonds for the water treatment plant.
Appellants contend the circuit court erred in entering a final judgment validating the revenue bonds on the following three grounds: (1) the Board failed to comply with the requirements of section 153.11, Florida Statutes (1983), prior to adopting resolution 84-4-25; (2) the Board lacked authority to issue the bonds because the combined and consolidated system was created in violation of either chapter 153, Part II, Florida Statutes, or chapter 165, Florida Statutes; (3) the bonds violate prior bond provisions.
In adopting resolution 84-4-25, the Board did not set forth, pursuant to section 153.11(l)(a), a preliminary schedule of rates, fees and charges, or, pursuant to section 153.11(3)(a), hold a public hearing or publish notice setting forth the schedule and announcing a public hearing date. The appellants contend the county’s failure to comply with those statutory provisions preclude validation of the bonds. We disagree. The county’s combined water and sewer system has been in operation since its water system was constructed with the proceeds of the water system bonds issued in 1966. We conclude that sections 153.-ll(l)(a) and 153.11(3)(a) are not applicable once a system becomes operational. The legislative intent is clear that these provisions apply only when a new system is being established.
Appellants also argue that the Board lacked authority to issue the bonds because the combined and consolidated system was created in violation of Part II of chapter 153, Florida Statutes. This argument is without merit. It is undisputed that the FMBSD was authorized and created pursuant to Part I of chapter 153. Part II, which provides an alternative authority for the provision of water and sewer facilities and services, need not be complied with by an entity created under the authority of Part I of the chapter. Alternatively, the appellants assert the bonds are invalid because the combined and consolidated system was created in violation of chapter 165, Florida Statutes, which provides the exclusive method for the creation, merger, and dissolution of special units of local government. We agree with the county that chapter 165 is not applicable in this type of circumstance. We note that the FMBSD has not been merged or dissolved. Although resolution 78-5-34 brought the FMBSD sewer system into the county’s combined and consolidated water and sewer system, the FMBSD continues to *542 exist as a special district. We further note that, in oral arguments, appellants conceded the validity of the three prior bond issues which were validated after FMBSD was connected to the county’s combined and consolidated system.
Finally, appellants argue the bonds are invalid because they violate prior bond covenants. This is not a proper issue for determination in this proceeding. See State v. Sarasota County, 372 So.2d 1115 (Fla.1979); Speer v. Olson, 367 So.2d 207 (Fla.1978); State v. City of Sunrise, 354 So.2d 1206 (Fla.1978).
Accordingly, we affirm the final judgment validating the bonds.
It is so ordered.
BOYD, C.J., and ADKINS, ALDERMAN, MCDONALD, EHRLICH and SHAW, JJ., concur.